## Commonwealth *v.* Clark, Appellant.

144

Argued January 3, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*H. Albert Lehrman,* with him *Frank S. Seiders, Jr.,* for appellant.

*Norman M. Yoffe,* for appellant.

*John A. F. Hall,* Assistant District Attorney, with him *Martin H. Lock,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, May 25, 1961:

Alexander Hyram Clark and Marion Elizabeth Flood were found guilty of murder in the first degree and sentenced to life imprisonment. On appeal to this court appellants raise several grounds for a new trial which were rejected by the court below en banc.

The record of the proceedings below reflects a number of unusual incidents which, it is alleged, may have affected the propriety of the disposition of this prosecution. The jury in this case retired to deliberate at 5:37 p.m. after five days of testimony. At 2:00 a.m. the next morning a verdict of first degree murder with a recommendation of life imprisonment was returned and recorded against both appellants. Thereafter appellants' motion for a poll of the jury was allowed and it was discovered that Juror No. 9 was not in accord with his fellow jurors as to the guilt of either defendant. That juror stated that he found the defendants guilty only of robbery. Thereupon, over counsel's objection, the jury was sent back to the jury room for further deliberation. At 4:12 a.m. the jury returned and announced that they were "hopelessly deadlocked." A discussion ensued between the court and the jury during which Juror No. 12 posed a problem that had been confusing the jury. The jury, he said, had no trouble in finding a robbery, but could not reconcile this finding with a verdict of second degree murder ("We all agree there has been a robbery, but the murder business just doesn't come into it."). The court, in reply to this question, stated that a verdict of guilty in any degree "would stand on its own two feet." However, it is clear from a reading of the record that several members of the jury had developed an erroneous fixation on the absolute

necessity of inclusion of robbery as a basic and integral component of the ultimate verdict. This is evidenced by: (1) Juror No. 9's disagreement with the initially recorded verdict; (2) Juror No. 12's inquiries at 4:12 a.m. The jury returned to the jury room at 4:17 a.m. and the final verdict was rendered at 5:25 a.m.

Under these circumstances the court, in all fairness to the defendants who were on trial for a capital offense, should have adjourned the jury's deliberations at 4:17 a.m. in order to have minimized the possibility of a verdict which was the product of impatience, fatigue and confusion.

We recognize that in *Commonwealth v. Moore*, 398 Pa. 198, 157 A. 2d 65 (1959), this court held, in a situation somewhat similar to the case at bar, that it was within a trial judge's discretion to direct a jury to deliberate through the night. In the *Moore* case, supra, however, we gave the widest latitude permissible to the court's discretion consistent with a defendant's right to a fair trial. We did not recommend the particular procedure used in that case and we certainly do not feel that an extension of our holding in *Moore* is warranted. To uphold the procedure followed in this case would be to greatly expand the permissive scope of a judge's discretion in such situations.

The *Moore* court in the small hours of the morning called the jury from its deliberations and offered them aid in the form of clarification of the issues involved in the case. The forelady of the *Moore* jury declined the court's offer of aid and stated that the jury was deadlocked. There was no indication whatsoever that confusion was responsible for the deadlock. On the other hand, in this case, the jury itself asked to be brought into the courtroom for further instructions. There is little doubt that the atmosphere prevelant in the courtroom was one of utter confusion at 4:17 a.m. when the jury was returned to the jury room to find a

unanimous verdict. It is also clear that the court did not seriously endeavor to dispel this disorder and confusion other than by terse and unilluminating advice. The trial court obviously abused its discretion when at 4:17 a.m. it ordered a confused and overworked jury to continue its deliberations.

Reversed and remanded for a new trial.